IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES E. DUFFY, SR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-1770-RGA |
| SUSSEX COUNTY SUPERIOR COURT, et al., | : | |
| Defendants. | : | |

Charles E. Duffy, Sr., Sussex Correctional Institution, Georgetown, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 7, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Charles E. Duffy, Sr., an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). Plaintiff requests counsel. (D.I. 2). The Court screens and reviews the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff alleges that his federal constitutional and statutory rights were violated in 1984 and 1985 during his state criminal case. In December 1984, Plaintiff was charged in a 10-count indictment based in part on his rape of a 26 year old woman. *See Duffy v. State*, 1987 WL 31556, at *1, 536 A.2d 615 (Del. 1987) (table). On July 8, 1985, pursuant to a plea agreement, Duffy pled guilty to one count of first degree rape and was sentenced to life imprisonment, the first twenty years being mandatory. *See id.* Throughout the years, Plaintiff filed numerous postconviction motions. *See, e.g.*, *Duffy v. State*, 2012 WL 4019037, 53 A.3d 301 (Del. 2012) (table).

Plaintiff states that he served thirty years in the Delaware prison system. (D.I. 1 at 14) He was released and violated parole on September 9, 2017.[1] (*Id.* at 18).

Plaintiff alleges he has no other means to get justice and relief regarding his 35-year old interracial case and that he was prevented from asserting his rights in the "all

---

[1] Plaintiff was arrested in September 2017, and on January 12, 2018, he pled guilty to one count of violation of privacy and was sentenced to six years at Level 5 for the offense. *See State v. Duffy*, 2018 WL 4002244, at *1 (Del. Super. Aug. 15, 2018). As part of the plea agreement, Plaintiff agreed that he was a habitual offender based in part on rape convictions in the 1970s and 1980s. *Duffy v. State*, 2019 WL 459982, 204 A.3d 113 (Del. 2019) (table).

1

white Sussex County Superior Court in 1984 and 1985." (D.I. 1 at 7). Named Defendants include the Sussex County Superior Court, the State of Delaware, former State Superior Court Judge Tease, former Sussex County Deputy Attorney General John Sandy, former Sussex County Public Defender Karl Haller, and former Sussex County investigator Ms. Kitchen.[2] Plaintiff alleges that Haller, his attorney, was ineffective and conspired with Judge Tease and DAG Sandy, which resulted in his conviction in the all-white court based on an indictment that charged him with fabricated crimes that had no factual or physical evidence to support them, all in violation of the Eighth and Fourteenth Amendments of the United States Constitution. (*Id.* at 15, 19).

For relief Plaintiff asks this Court to dismiss all charges against him and/or sentence him to time served. He also seeks compensatory and punitive damages.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of*

---

[2] In the late 1980's Plaintiff sued Judge Tease, DAG Sandy, and Public Defender Hall in this Court. Due to the passage of time, the Court was unable to locate the case and, therefore, does not know the issues raised. Research indicates that this Court's ruling in the case was affirmed on appeal by the United States Court of Appeals for the Third Circuit. *See Duffy v. Tease*, 1988 WL 40264, 845 F.2d 1010 (3d Cir. 1988) (table).

2

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff's Complaint is clearly time-barred. He complains of acts that took place in 1985 and 1985. He did not file this action until 2019.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further

4

factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff complains of acts that occurred in 1984 and 1985, yet he did not commence this action until 2019. It is evident from the face of the Complaint that his claims are clearly barred by the two year limitations period. Therefore, the Court will dismiss the Complaint as legally as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment is futile.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's request for counsel (D.I. 2); and (2) dismiss the Complaint as legally frivolous as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds that amendment is futile.

An appropriate order will be entered.